IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| ROCKY MOUNTAIN HORSE ASSOCIATION, INC.<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ROCKY MOUNTAIN HORSE SHOW ASSOCIATION, INC.,<br><br>JEFF MILLER<br><br>JOE MILLER<br><br>JANE GEAN<br><br>　　　　Defendants. | CIVIL ACTION FILE NO. _____ |

## COMPLAINT

　　　　Comes the Plaintiff, Rocky Mountain Horse Association, Inc. (hereafter "RMHA"), and for its Complaint against Defendants, Rocky Mountain Horse Show Association (hereafter the "Defendant RMHSA") and Jeff Miller, Joe Miller, and Jane Gean (hereafter the "Individual Defendants"), RMHA states as follows:

### PRELIMINARY STATEMENT

　　　　1.　　This action consists of claims of trademark infringement, unfair competition and counterfeiting brought by RMHA against the corporate Defendant RMHSA, and the Individual Defendants, Jeff Miller, Joe Miller, and Jane Gean, under the federal Lanham Act, 15 U.S.C. § 1051 *et seq.* along with pendent and ancillary claims under the common law to remedy unlawful deceptive trade practices and unfair competition committed through infringement of trademarks

- 2 -

and certification marks owned by RMHA and unauthorized references to RMHA by the Defendants in the Defendant RMHSA's advertising, marketing, and promotions.

## SUBJECT MATTER JURISDICTION

2. This Court has original jurisdiction to adjudicate the Lanham Act claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338, and pendent and ancillary jurisdiction to adjudicate the common law claims associated therewith.

## PERSONAL JURISDICTION AND VENUE

4. Defendant RMHSA is a Kentucky corporation, and on information and belief, Defendant Gean resides in the District.

5. On information and belief, each of the Defendants have been materially involved in the commission in this District of a substantial part of the events which bring rise to this Complaint and have caused material injury in this District. Accordingly, it is appropriate for the Court to exercise jurisdiction over each of the Defendants and the venue in this District is appropriate.

## THE FACTS

6. Plaintiff Rocky Mountain Horse Association, Inc. is a corporation organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business located at 71 South Main Street, Winchester, Kentucky 40391.

7. Defendant Rocky Mountain Horse Show Association, Inc. is a corporation organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business located at 55 Kelly Road, Bowling Green, Kentucky 42101.

8. Defendant Jeff Miller, Defendant Joe Miller (both collectively the "Millers" or "Miller Defendants") and Defendant Jane Gean (the "Gean Defendant") (each collectively the "Individual Defendants"), on information and belief, are the organizers, owners, and operators of Defendant RMHSA.

9. On information and belief, the last known address of the Miller Defendants is 55 Kelly Road, Bowling Green, Kentucky 42101.

10. On information and belief, the last known address of the Gean Defendant is 1221 Mundy's Landing Road, Versailles, KY 40383.

11. Plaintiff RMHA is a trade association which continuously since the 1980s has devoted its services to aiding and encouraging the preservation, promotion, breeding, and development of the Rocky Mountain Horse breed throughout the United States and internationally outside of the United States.

12. RMHA is, among other things, actively involved in the business of setting standards for the Rocky Mountain Horse industry and the governing body setting guidelines for shows in which Rocky Mountain breed horses compete, officially sanctioning such shows, and has continuously been so engaged since the 1980s.

13. RMHA has certified well over 18,000 registered horses in the United States.

14. RMHA operates a headquarters as a primary source of Rocky Mountain Horse information, promoting membership in the Association, assisting owners with registration, certifying horses, DNA processing, and offering RMHA merchandise for sale.

15. RMHA is the owner of a registration issued by the United States Patent & Trademark Office (the "PTO") of the certification mark, ROCKY MOUNTAIN HORSE, used to

officially certify a breed of horses consisting of "horses having medium height, a broad chest, an ambling four-beat gait, a gentle temperament and a solid colored body," namely Registration Number 1,541,063 issued on May 23, 1989 (the '063 Registration"). A copy of the '063 Registration is attached hereto marked as Plaintiff's Exhibit 1.

16. The '063 Registration owned by RHMA is "incontestable" within the meaning of 15 U.S.C. § 1065.

17. RMHA is the owner of a registration issued by the PTO of the service mark, ROCKY MOUNTAIN HORSE ASSOCIATION, for "Association services, namely, promoting the interests of horse owners and breeders; [and] providing a registry of breeds in the field of horses," namely Registration Number 4,670,943 issued on January 13, 2015 (the '943 Registration"). A copy of the '943 Registration is attached hereto marked as Plaintiff's Exhibit 2.

18. RMHA is the owner of a registration issued by the PTO of the trademark, ROCKY MOUNTAIN HORSE ASSOCIATION, for "Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Baseball caps; Baseball caps and hats; Button down shirts; Caps; Caps with visors; Collared shirts; Headgear, namely, baseball caps; Hooded sweat shirts; Knit shirts; Long-sleeved shirts; Polo shirts; Shirts; Shirts and short-sleeved shirts; Short-sleeved or long-sleeved t-shirts; Short-sleeved shirts; Sport shirts; Sports shirts; Sports shirts with short sleeves; Sweat shirts; T-shirts; Tee shirts; Wearable garments and clothing, namely, shirts; Women's clothing, namely, shirts, dresses, skirts, blouses," namely Registration Number 4,189,617 issued on May 23, 1989 (the '617 Registration"). A copy of the '617 Registration is attached hereto marked as Plaintiff's Exhibit 3.

19. Continuously over the past thirty years, the Plaintiff's marks ROCKY MOUNTAIN HORSE and ROCKY MOUNTAIN HORSE ASSOCIATION, have enjoyed widespread consumer recognition in the industry nationwide and into foreign markets associated with RMHA's business of organizing, promoting, and orchestrating horse shows for certified Rocky Mountain horses.

20. Continuously over the past thirty years, the Plaintiff's trademark ROCKY MOUNTAIN HORSE ASSOCIATION, which is the subject of the '617 Registration, has been used to promote the ROCKY MOUNTAIN HORSE ASSOCIATION and its services.

21. The Defendant RMHSA is, at least in part, engaged in the business of the organization and promotion of horse shows for Rocky Mountain Horses and advertises on social media as a community for those interested in Rocky Mountain Horses.

22. On or about September 8, 2016, RMHA became aware that Defendant RMHSA had registered as a non-profit corporation with the Kentucky Secretary of State.

23. On or about September 8, 2016, RMHA became aware that the Defendant RMHSA had created a website (www.rockysmhsa.com) and a Facebook page entitled "Rocky Mountain Horse Show Association."

24. The Defendant RMHSA website and Facebook page both promote horse shows under the name "Rocky's Mountain Horse Show Association," which shows have not been officially approved or sanctioned by the RMHA.

25. On September 20, 2016, RMHA, by counsel, issued a cease and desist letter to the Defendant RMHSA, reminding it of the registered marks owned by RMHA as well as notifying

said Defendant of documented consumer confusion that Defendant's advertised show was being misunderstood by the public to be a show organized or sanctioned by Plaintiff.

26.     In said letter, Defendants demanded that Defendants immediately cease utilization of the "Rocky's Mountain Horse Show Association" name or any designation confusingly similar thereto.

27.     On September 23, 2015, RMHA was notified by attorney Laura M. Hagan that she had been contacted by Defendants and would be meeting with them to prepare a response to the Cease and Desist letter.

28.     Notwithstanding follow up requests on behalf of Plaintiff to counsel for Defendants requesting said promised response, it has not been received.

29.     Instead, Defendant RMHSA proceeded with the advertised "Rocky's Mountain Horse Show Association" show.

30.     The actions complained of herein were committed without any license, consent, or approval from or on behalf of Plaintiff.

31.     The actions complained of herein have caused damage to RMHA by causing actual confusion regarding sponsorship or affiliation with the unsanctioned horse show operated by the Defendant RMHSA.

32.     At all times pertinent to this Complaint, the Individual Defendants Jeff Miller, Joe Miller, and Jane Gean had the right and ability to supervise the actions complained of in each of the Counts brought herein, and on information and belief actually directed, controlled, and participated as the moving force behind the complained of actions and had a direct financial interest in same.

33. On in formation and belief, the actions complained of in each of the Counts brought herein were committed by the Defendants knowingly, intentionally, willfully, wantonly, maliciously, or otherwise with reckless disregard of the property rights and interests of RMHA.

34. RMHA has incurred and will continue to incur appreciable amounts of attorneys' fees to remedy the Defendant RMHSA infringement, including the actions complained of in each of the Counts brought herein.

35. Continuation of any of the actions complained of in each of the Counts brought herein will cause RMHA to incur irreparable injury for which there is no adequate remedy at law.

## COUNT I:

### UNLAWFUL DECEPTIVE TRADE PRACTICES AND UNFAIR COMPETITION

36. Each of the foregoing allegations of this Complaint are hereby incorporated into this Count by this reference.

37. The tendency of the offending activities set forth above is to deceive or mislead the public into believing the Defendants' goods or services are offered by, sponsored by, or otherwise affiliated with the Plaintiff.

38. Target consumers of the Defendants' goods or services are likely to be confused into believing the products are offered by, sponsored by, or otherwise affiliated with the Plaintiff.

39. The offending activities set forth above are uses in commerce likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection or association of the Defendant RMHSA with Plaintiff RMHA, or are otherwise likely to cause confusion, or to cause

mistake, or to deceive as to the origin with RMHA or sponsorship or approval by RMHA of the offending activities.

40. The foregoing offending activities are committed in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. The foregoing offending activities are committed in violation of the common law.

42. As a consequence of the foregoing, the Defendants have been and are being unjustly enriched by unlawfully benefiting from the good will and reputation of the RMHA.

43. Unless the continuation of offending activities is enjoined, RMHA will suffer irreparable injury for which there is no adequate remedy at law.

## COUNT II:

## INFRINGEMENT OF REGISTERED MARKS

44. Each of the foregoing allegations of this Complaint are hereby incorporated into this Count by this reference.

45. The offending activities set forth above have been and are being committed in connection with the sale, offering for sale, distribution of goods or services in commerce without the consent of the Plaintiff RMHA.

46. The offending activities set forth above committed in association with the designation "Rocky's Mountain Horse Show Association" or any confusingly similar designation are so similar to Plaintiff's registered marks, ROCKY MOUNTAIN HORSE and ROCKY MOUNTAIN HORSE ASSOCIATION as to cause confusion, or to cause mistake, or to deceive.

47. Said actions of Defendant thus constitute violations of section 32 of the Lanham Act, 15 U.S.C. § 1114.

48. Unless these actions are enjoined, RMHA will suffer irreparable injury for which there is no adequate remedy at law.

## COUNT III:

## TRADEMARK COUNTERFEITING

49. Each of the foregoing allegations of this Complaint are hereby incorporated into this Count by this reference.

50. The offending activities set forth above committed in association with the designation "Rocky's Mountain Horse Show Association" or any confusingly similar designation in association with the sale, or offering for sale, or distribution of goods or services are uses of spurious designations that are identical with or substantially indistinguishable from federally registered marks owned by RMHA in a manner constituting trademark counterfeiting in violation of section 34 of the Lanham Act, 15 U.S.C. § 1116(d).

51. Unless these actions are enjoined, RMHA will suffer irreparable injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Rocky Mountain Horse Association ("RMHA") prays for relief, jointly and severally, against Defendant, RMHSA and the individual Defendants, Jeff Miller, Joe Miller, and Jane Gean as follows:

A. Trial by jury on all issues so triable;

B. Orders temporarily, preliminarily and permanently enjoining Defendants and all of their officers, agents, servants, employees, and those persons in active concert or participation with them, from making any use of the designations ROCKY'S MOUNTAIN HORSE SHOW

ASSOCIATION, or any other designs, trademarks, service marks, logographics, copyrights and symbols associated with the Plaintiff Rocky Mountain Horse Association, or any other confusingly similar marks or indicia and further requiring Defendants to immediately recall any product and promotional materials bearing such designations and to immediately eliminate said mark or any other confusingly similar marks and indicia from its products, services, marketing brochures, promotional materials, other publications and documents, and any other related goods or services;

C.   An Order requiring Defendants to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, and goods in their possession or control bearing the designation ROCKY'S MOUNTAIN HORSE SHOW ASSOCIATION, or any other confusingly similar marks or indicia along with all plates, molds, matrices, and other means of making the same;

D.   Orders temporarily, preliminarily and permanently enjoining Defendants and all of their officers, agents, servants, employees, and those persons in active concert or participation with them, from any other activities likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection or association of the Defendant, or any of their products or services with the Plaintiff Rocky Mountain Horse Association;

E.   An order requiring Defendants to file with the Court, and serve upon Plaintiff's counsel within thirty (30) days of any injunctions entered in this matter, a comprehensive written report, under oath, setting forth in detail the manner, form, and extent of Defendants' compliance with any such injunction;

F.  An award to Plaintiff of any damages incurred as a result of Defendant's violation of the Plaintiff's rights, including an accounting of Defendant's profits realized in association with said activities, with prejudgment interest thereon;

G.  Trebling of said sums pursuant to 15 U.S.C. § 1117(b);

H.  An award to Plaintiff of punitive damages in an amount deemed appropriate by the finder of fact;

I.  Should Plaintiff so elect, an award of statutory damages of not less than $1,000 or more than $200,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the Court considers just, and if the Court finds that the use of the counterfeit mark was willful, an enhancement of any such awards to not more than $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the Court considers just pursuant to 15 U.S.C. § 1117(c);

J.  An assessment against Defendant of the costs of this action including the Plaintiff's reasonable attorneys' fees; and

K.  Any further relief to which the Plaintiff Rocky Mountain Horse Association may appear entitled.

*/s/ Robert E. Maclin, III*
Robert E. Maclin, III
remaclin@mmlk.com
**McBrayer, McGinnis, Leslie & Kirkland, PLLC**
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Telephone: 859-231-8780
Facsimile: 859-231-6518

- 12 -

>Jack A. Wheat
>jwheat@mmlk.com
>**McBrayer McGinnis Leslie & Kirkland, PLLC**
>9300 Shelbyville Road
>Suite 110
>Louisville, Kentucky 40222
>Telephone: 502-327-5400
>Facsimile:  502-327-5444
>
>*Counsel for Plaintiff*

4849-6818-9245, v. 2